UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| William Heinz, individually and on behalf of all others similarly situated,<br><br>                               Plaintiff,<br><br>   -v.-<br><br>Blitt and Gains, P.C.,<br>Oliphant Financial, LLC,<br><br>                             Defendant(s). | Civil Action No. 2:22-cv-2172<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff William Heinz (hereinafter, "Plaintiff"), an Illinois resident, brings this Class Action Complaint by and through his attorneys, against the Defendant Blitt and Gaines, P.C. ("Defendant Blitt") and the Defendant Oliphant Financial, LLC ("Defendant Oliphant") (collectively, "Defendants") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.    Congress enacted the Fair Debt Collection Practices Act (hereinafter "FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where the Plaintiff resides and a substantial part of the events or omissions giving rise to the claims occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Illinois consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Illinois, County of Vermilion.

8. Defendant Blitt is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a principal place of business located at 775 Corporate Woods Parkway, Vernon Hills, Illinois 60061.

9. Upon information and belief, Defendant Blitt is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant Oliphant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service of process at c/o URS Agents, LLC, 100 North La Salle Street, Suite 500, Chicago, Illinois 60602.

11. Upon information and belief, Defendant Oliphant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12. Plaintiff brings these claims on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

   a. all individuals with addresses in the State of Illinois;

   b. to whom the Defendant Blitt sent a collection letter attempting to collect a consumer debt;

   c. on behalf of the Defendant Oliphant;

   d. which was improperly addressed to the individual;

   e. and/or that failed to properly identify the current creditor to whom the debt was allegedly owed;

   f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of the Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ l692c, 1692d, 1692e, 1692f, and/or 1692g.

17. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A, violate 15 USC §l692c, 1692d, 1692e, 1692f, and/or 1692g.

c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor his counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

22. Some time prior to January 31, 2022 an obligation was allegedly incurred to non-party LendingClub Corporation ("LendingClub").

23. The LendingClub obligation arose out of transaction(s) in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

24. The alleged LendingClub obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25. Defendant Oliphant purportedly purchased the defaulted debt. Defendant Oliphant is therefore a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6).

26. Thereafter, Defendant Oliphant contracted with the Defendant Blitt to collect the alleged debt.

27. Defendant Blitt collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

28.     Defendant Oliphant has policies and procedures in place that govern the Defendant Blitt's debt collection practices, specifically with regard to collecting the subject debt, thereby evidencing the Defendant Oliphant's control over the Defendant Blitt's collection practices.

29.     By virtue of the relationship between the two Defendants, Defendant Oliphant exercised control over the Defendant Blitt while the latter was engaged in collecting the subject debt on behalf of the former.

30.     Therefore, Defendant Oliphant should be held vicariously liable for any and all violations committed by the Defendant Blitt.

*Violation I – January 31, 2022 Collection Letter (Wrong Address)*

31.     Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

32.     On or about January 31, 2022, Defendant Blitt sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to the Defendant Oliphant. **See Exhibit A**.

33.     The Letter is addressed to the Plaintiff at 236 Illinois Drive, Rantoul, Illinois 61866.

34.     However, Plaintiff did not live at such address.

35.     Pursuant to 15 U.S.C. § 1692c(b):

> Except as provided in Section 1692b of this title, <u>without the prior consent of the consumer given directly to the debt collector</u>, or the express permission of a court of competent jurisdiction, or as reasonable necessary to effectuate a post judgment judicial remedy, <u>a debt collector may not communicate</u>, in connection with the collection of any debt, <u>with any person other than the consumer</u>, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney for the creditor, or the attorney of the debt collector.

(emphasis added).

36. Plaintiff never provided consent to the Defendants or any other party to convey any debt collection information regarding the subject debt to unknown third parties.

37. Defendants violated 15 U.S.C. § 1692c in that they communicated with a third party regarding the Plaintiff's account without the Plaintiff's prior consent or the express permission of a court of competent jurisdiction regarding the Plaintiff's account.

38. Moreover, pursuant to 15 U.S.C. § 1692d, debt collectors are prohibited from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

39. Defendants knew or should have known that the Plaintiff did not reside at 236 Illinois Drive, Rantoul, Illinois, but nonetheless sent the Letter containing material details of the debt to unknown third parties.

40. The dissemination of such material private information to unknown third parties resulted in the natural (and actual) consequence of abuse sustained by the Plaintiff.

41. Furthermore, Defendants' mailing of the Letter to a third party unfairly harmed the Plaintiff's reputation and his right to privacy.

42. Additionally, Defendants' failure to correctly address the Letter deprived the Plaintiff of notice of his right to dispute the debt.

43. Likewise, Defendants' failure to correctly address the Letter deprived the Plaintiff of his actual right to dispute the debt.

44. Similarly, Defendants' failure to correctly address the Letter deprived the Plaintiff of his right to reap the benefits of such dispute period because the Defendants continued with the collection without an operative "G-Notice" in violation of 15 U.S.C. § 1692g.

### *Violation II – January 31, 2022 Collection Letter (Unclear Creditor)*

45. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

46. Upon information and belief, the Letter was an initial collection letter which listed a total balance of $32,302.97.

47. The Letter further states: "Blitt and Gains, P.C. is a debt collector. We are trying to collect a debt that you owe to Oliphant Financial, LLC."

48. Immediately thereafter, the Letter states: "You had a LendingClub Corporation account with account number [redacted]."

49. The Letter did not contain all of the requirements of the G-Notice. Specifically, the Letter deceptively fails to clearly identify who the current creditor is as required by the FDCPA.

50. The least sophisticated consumer cannot decipher from the body of the letter whom the current creditor is because it is not stated clearly.

51. Merely stating an attempt to collect the debt on behalf of the Defendant Oliphant does not inform the least sophisticated consumer who the current creditor is and the Defendants have an obligation to clearly identify the current creditor.

52. It is deceptive to not clearly state who the creditor is in any collection letter sent to a consumer.

53. Mere illusions are not enough, but the letter must specifically and clearly state who the creditor is.

54. Defendants failed to provide the consumer with a proper initial communication letter by failing to clearly identify the original and current creditors of the debt.

55. Plaintiff effectively waived his rights to this statutorily available information because he was not properly informed of the G-Notice requirements set forth in the FDCPA.

56. Plaintiff was therefore unable to straightforwardly dispute the debt resulting in wasted time.

57. For the foregoing reasons, Plaintiff was unable to evaluate his options of how to handle this debt.

58. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

59. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

60. Additionally, Plaintiff suffered reputational harm as a direct result of the Defendant's mailing of the Letter, containing the Plaintiff's personal information, to a third party.

61. Moreover, as a result of the Defendants' violations, Plaintiff has suffered emotional distress, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep.

62. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

63. The harms caused by the Defendants have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

64. As it relates to this case, the common-law analogues are to the traditional torts of fraud, misrepresentation, negligent infliction of emotional distress, conversion and defamation.

65. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

66. Plaintiff is entitled to receive a straightforward G-Notice as required by the FDCPA.

67. Defendants failed to effectively inform the Plaintiff of this information, and in fact, attempted to overshadow it in violation of the law.

68. These violations by the Defendants were knowing, willful, negligent and/or intentional, and the Defendants did not maintain procedures reasonably adopted to avoid any such violations.

69. Defendants' collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

70. Defendants' deceptive, misleading, and unfair representations with respect to their collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendants' collection efforts because the Plaintiff could not adequately respond to the Defendants' demand for payment of this debt.

71. Defendants' actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendants' debt collection.

72. Plaintiff was confused and misled to his detriment by the statements in the Letter, and relied on the contents of the Letter to his detriment.

73. Because of the Defendants' actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were spent elsewhere.

74. Plaintiff would have pursued a different course of action were it not for the Defendants' violations.

75. As a result of the Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT**
**15 U.S.C. § 1692c *et seq.***

76. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

77. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including, but not limited to, 15 U.S.C. § 1692c.

78. Pursuant to 15 U.S.C. § 1692c(b) of the FDCPA:

> Except as provided in section 1692b of this title, <u>without the prior consent of the consumer given directly to the debt collector</u>, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, <u>a debt collector may not communicate</u>, in connection with the collection of any debt, <u>with any person other than the consumer</u>, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector

(emphasis added).

79. Defendants violated § 1692c(b) by transmitting the Plaintiff consumer's personal information to a third party at an address that the Plaintiff does not live.

80. By reason thereof, Defendants are liable to the Plaintiff for judgment in that the Defendants' conduct violated Section 1692c(b) *et seq.* of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs, and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692d *et seq.***

81. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

82. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

83. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

84. Defendants violated §1692d:

   a. By mailing the collection Letter to an unknown third party; and

   b. By omitting information advising as to whom is the current creditor.

85. By reason thereof, Defendants are liable to the Plaintiff for judgment in that the Defendants' conduct violated Section 1692d et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e *et seq.***

86. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

87. Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

88. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

89. Defendants violated said section by:

   a. Making a false and misleading representation in violation of § 1692e(10); and

   b. Utilizing false means in the form of dissemination to an unknown third party.

90. By reason thereof, Defendants are liable to the Plaintiff for judgment that the Defendants' conduct violated Section 1692e *et seq.* of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs, and attorneys' fees.

## COUNT IV

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

91. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

92. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

93. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

94. Defendants violated this section by omitting material information regarding the current creditor as required by law and by mailing the collection Letter to an unknown third party.

95. By reason thereof, Defendants are liable to the Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

# COUNT V

## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692g *et seq.*

96. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

97. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

98. Pursuant to 15 U.S.C. § 1692g(a), within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

99. Pursuant to 15 U.S.C. § 1692g(b):

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall

cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt.

100. Defendants violated said section by:

   a. Failing to clearly identify the current creditor in violation of § 1692g(a)(2); and

   b. Failing to provide the Plaintiff with notices concerning his right to dispute the subject debt by virtue of mailing to the wrong address in violation of § 1692g(a)(3)-(4); and

   c. Depriving the Plaintiff of his right to dispute the debt, and reap the benefits therefrom, by proceeding with collection without properly mailing the "G Notice" in violation of violation of § 1692g(b).

101. By reason thereof, Defendants are liable to the Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

102. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff William Heinz, individually and on behalf of all others similarly situated, demands judgment from the Defendant Blitt and Gains, P.C. and the Defendant Oliphant Financial, LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2. Awarding the Plaintiff and the Class statutory damages;

3. Awarding the Plaintiff and the Class actual damages;

4. Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  August 24, 2022    Respectfully Submitted,

**STEIN SAKS, PLLC**

/s/ Yaakov Saks
Yaakov Saks, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Ph: (201) 282-6500
Fax: (201) 282-6501
YSaks@steinsakslegal.com
*Attorneys for Plaintiff*